**UNITED STATES DISTRICT COURT**
District of New Jersey

<table>
<tr><td>

**CHAMBERS OF**
**JOSE L. LINARES**
**JUDGE**

</td><td>

**MARTIN LUTHER KING JR.**
**FEDERAL BUILDING & U.S. COURTHOUSE**
**50 WALNUT ST., ROOM 5054**
**P.O. Box 999**
**Newark, NJ 07101-0999**
**973-645-6042**

</td></tr>
</table>

NOT FOR PUBLICATION

**LETTER-OPINION AND ORDER**

January 20, 2006

Peter J, Cresci
Cresci & Black LLC.
830 Avenue A
P.O. Box 74
Bayonne, NJ 07002

Colette R. Buchanan
United States Attorney's Office
970 Broad Street
Room 700
Newark, NJ 07102

      Re:    **Patricia A. Colonna v. United States, et al.**
               **Civil Action No.: 04-cv-6269 (JLL)**

Dear Counsel:

This matter comes before the Court on the motion to dismiss by Defendants United States of America and the United States Postal Service pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. This Court has considered the submissions in support of and in opposition to the motion. Plaintiff brought this action against Defendants under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2671-80. Defendants have moved to dismiss asserting that the claim falls within the coverage of the Federal Employees Compensation Act (FECA), 5 U.S.C. §§ 8101-8193. For the reasons set forth below, the Defendant's motion is DENIED in part and

1

GRANTED in part.

## BACKGROUND

For purposes of this motion to dismiss, this Court accepted all facts alleged by Plaintiff in the complaint to be true. The relevant facts are as follows.  Plaintiff has been an employee of the United States Postal Service for over fifteen years.   For the past six years, Plaintiff has worked at the Bayonne, New Jersey location.   On December 15, 2003, the day in question, Plaintiff was not scheduled to work but was called in to work clearing and shoveling snow around the Post Office premises.   Plaintiff worked until about 10:00 a.m. and then punched out.   Thereafter, at approximately 10:30 a.m., as she was leaving to go to a dentist's appointment, she "slipped and fell on ice on the side of [the] post office."  As a result of said fall, she alleges she was injured.

On February 12, 2004, Plaintiff filed a Form 95 with the US Postal Service for compensation for the injuries sustained. On March 3, 2004, Mary Ann Quinn from the US Postal Service's Regional Workers' Compensation office contacted Plaintiff's attorney and offered a settlement; Ms. Quinn wanted to treat the Plaintiff's tort claim as a workers compensation claim. On June 21, 2004, Plaintiff received notice from the US Postal Service National Tort Center that her tort claim had been denied.

## DISCUSSION

1. <u>Count I - Plaintiff's tort claims against the United States of America must be stayed because a substantial question of coverage under the Federal Employees Compensation Act (FECA) exists.</u>

Plaintiff brought this action against Defendants under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2671-80.  Defendants, however, assert that the claim falls within the coverage of the Federal Employees Compensation Act (FECA), 5 U.S.C. §§ 8101-8193, and

as such, Plaintiff's tort claim should be dismissed.

FECA is the exclusive remedy available to a federal employee who has "sustained [injuries] while in the performance of his duty." 5 U.S.C. §§ 8102(a), 8116(c); Heilman v. United States, 731 F.2d 1104, 1109 (3d Cir. 1984). Thus, if FECA applies, it "bars all other claims for compensation against the Government," DiPippa v. United States, 687 F.2d 14, 16 (3d Cir. 1982), and the federal courts, therefore, lack subject matter jurisdiction over the matter, Heilman, 731 F.2d at 1109.

Under 5 U.S.C. § 8128(b), the Secretary of Labor or his designee alone "may determine the scope of FECA coverage." DiPippa, 687 F.2d at 16. Therefore, federal courts will not entertain an FTCA claim if there is a "substantial question" whether FECA coverage exists. Id. Rather, the court will stay the proceedings until FECA coverage has been determined by the Secretary of Labor or his designee. Heilman, 731 F.2d at 1110. Unless it is "certain that the Secretary would find no coverage," a substantial question of coverage exists. Id.

In determining what injuries fall within the scope of FECA coverage, the premises rule provides that "an employee going to or from work is covered under workers' compensation while on the premises of the employer." In re Wycoff, 39 Empl. Comp. App. Bd. 186, 39 Empl. Comp. App. Bd. LEXIS 14 at *6 (1987). Therefore, where a postal employee was injured while walking on a sidewalk next to the post office on his way into work, the court held that a substantial question of coverage existed and the matter was remanded to stay the proceedings. Joyce v. United States, 474 F.2d 215, 217, 219 (3d Cir. 1973). Likewise, in the primary case relied on by Plaintiff, the court held that if the plaintiff had been on the employer's premises and leaving work when injured, a substantial question of coverage would exist. DeFilippo v. United States,

3

No. 98-3085, 1998 U.S. Dist. LEXIS 18823, at *3 (S.D.N.Y. Dec. 2, 1998).  However, in DeFilippo, the court held that no coverage existed because the facts, if true, showed that the employee was not injured while leaving work, but rather had gone home after work and returned to the premises for a leisure walk and was injured at that time.  Id. at *3-4.  Finally, the other case cited by Plaintiff also supports the premises rule.  In Greenbaum v. United States, a postal employee was injured as he crossed the post office parking lot on his way into the post office on his day off to pick up a paycheck.  360 F. Supp. 784, 785 (E.D. Pa. 1973).  The court stated that "[i]f this were the extent of the relevant factors we would agree with defendant that the case must go to the [Secretary of Labor]."  Id.  The Greenbaum case, however, was allowed to proceed, not based on the question of coverage, but instead because of the government's extreme delay in raising the jurisdiction issue, which under the facts of the case would have caused great prejudice to the plaintiff.  Id. at 788.

     In this case, Plaintiff has stated that she was on the Post Office premises to perform work, that approximately thirty minutes after punching out she was leaving the post office on her way to a dentist appointment, and that she was injured as she left by slipping and falling on the side of the Post Office's property due to uncleared ice.  Plaintiff, in her opposition brief, points to statements by the Postmaster and other persons who handle compensation cases for the post office as support that she was not injured while in the performance of her duties since she was off the clock.  However, this position is in conflict with Plaintiff's own statement in her complaint that Ms. Quinn from the US Postal Service's Regional Workers' Compensation office wanted to treat the Plaintiff's tort claim as a workers compensation claim.   This Court finds that the facts in this case raise a substantial question as to whether FECA coverage exists.  Therefore, the only

4

person that can make a determination regarding FECA coverage is the Secretary of Labor or his designee.  Additionally, the government herein, unlike in Greenbaum, raised the jurisdiction issue promptly and Plaintiff will not be prejudiced by a stay of the proceedings.

For the reasons stated above, this Court denies Defendants' motion to dismiss the matter against Defendant United States of America, but hereby orders that the proceedings against Defendant United States of America are stayed pending a determination of the Secretary of Labor or his designee as to FECA coverage of Plaintiff's injuries.

2. Count II - Plaintiff's tort claims against the United States Postal Service must be dismissed because the FTCA does not provide for jurisdiction over a federal agency.

Plaintiff stipulates to Defendants' position on this count and does not contest dismissal of the United States Postal Service as a defendant.  Therefore, this Court grants Defendants' motion and hereby dismisses the United States Postal Service as a defendant in this matter.

3. Count III - Plaintiff is not entitled to a jury trial.

Plaintiff stipulates to Defendants' position on this count and agrees that Plaintiff is not entitled to a jury trial in this matter.  Therefore, this Court grants Defendants' motion and hereby denies Plaintiff's request for a jury trial.

**CONCLUSION**

For the foregoing reasons, it is on this 20th day of January, 2006,

**ORDERED** that Defendants' motion to dismiss the matter against Defendant United

States of America [Doc. # 8] is hereby DENIED;

**IT IS FURTHER ORDERED** that the proceedings against Defendant United States of America are STAYED pending a determination of the Secretary of Labor or his designee as to FECA coverage of Plaintiff's injuries;

**IT IS FURTHER ORDERED** that Defendants' motion to dismiss the United States Postal Service as a defendant [Doc. #8] is hereby GRANTED; and

**IT IS FURTHER ORDERED** that Defendant's motion regarding Plaintiff's request for a jury trial is hereby GRANTED and so Plaintiff's request for a jury trial is hereby DENIED.

SO ORDERED.

/s/ Jose L. Linares

DATED: January 20, 2006        UNITED STATES DISTRICT JUDGE